SANDRA L. McDONOUGH (SBN 193308)
smcdonough@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants The Regents of the University of California; Faryar Jabbari; Gregory Washington; Diane K. O'Dowd and Enrique J. Lavernia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HUNG NGUYEN,<br><br>                Plaintiff,<br><br>          v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; FARYAR JABBARI, in his individual capacity; GREGORY WASHINGTON, in his individual capacity; DIANE K. O'DOWD, in her individual capacity; ENRIQUE J. LAVERNIA, in his individual capacity; Does 1 through 10,<br><br>                Defendants. | Case No. 8:17-cv-00423-JVS-KES<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF HUNG NGUYEN'S COMPLAINT**<br><br>Judge:             Hon. James V. Selna<br>Magistrate Judge: Hon. Karen E. Scott<br>Trial Date:        not set |

Defendants The Regents of the University of California ("Regents" or "University"); Faryar Jabbari; Gregory Washington; Diane K. O'Dowd and Enrique J. Lavernia ("Defendants") answer the Complaint of plaintiff Hung Nguyen ("Nguyen" or "Plaintiff") by admitting, denying and alleging as follows:

   1.   Answering paragraph 1, Defendants neither admit nor deny this paragraph because it contains legal conclusions and does not require a response.

   2.   Answering paragraph 2, Defendants deny all allegations.

   3.   Answering paragraph 3, Defendants admit that Nguyen was employed by the University of California as an assistant professor in August 2009, and that his

employment will end effective August 31, 2017. Defendants deny all remaining allegations.

4. Answering paragraph 4, Defendants admit the Regents has the quoted policy.

5. Answering paragraph 5, Defendants neither admit nor deny this paragraph because it contains legal conclusions and does not require a response.

6. Answering paragraph 6, Defendants neither admit nor deny this paragraph because it contains legal conclusions and does not require a response.

7. Answering paragraph 7, Defendants admit Nguyen was and is a public employee employed by the University of California. Defendants lack sufficient information to admit or deny the remaining allegations.

8. Answering paragraph 8, Defendants admit the Regents is organized under Article IX, section 9 of the California Constitution. Defendants neither admit nor deny the remaining portions of this paragraph because they contain legal conclusions and do not require a response.

9. Answering paragraph 9, Defendants deny all allegations, except that Jabbari was born in Iran.

10. Answering paragraph 10, Defendants admit Jabbari is an administrator of the University and was acting in the course and scope of his employment as Associate Dean of the School in relation to Nguyen's review. Defendants admit that Jabbari was and is a resident of the County of Orange. Defendants deny that Jabbari knew Nguyen was gay. Defendants deny that Jabbari discriminated or retaliated against plaintiff.

11. Answering paragraph 11, Defendants admit Washington is an administrator of the University and was acting in the course and scope of his employment as Dean of the School in relation to Nguyen's review. Defendants admit that Washington was and is a resident of the County of Orange. Defendants deny that Washington knew Nguyen was gay. Defendants deny that Washington

discriminated or retaliated against plaintiff.

12. Answering paragraph 12, Defendants admit O'Dowd is an administrator of the University and was acting in the course and scope of her employment as Vice Provost for Academic Personnel of the University in relation to Nguyen's review. Defendants admit that O'Dowd was and is a resident of the County of Orange. Defendants deny that O'Dowd knew Nguyen was gay. Defendants deny that O'Dowd discriminated or retaliated against plaintiff.

13. Answering paragraph 13, Defendants admit Lavernia is an administrator of the University and was acting in the course and scope of his employment as Provost and Executive Vice Chancellor of the University in relation to Nguyen's review. Lavernia is also a professor in the Department of Chemical Engineering and Materials Science of the School of Engineering. Defendants admit that Lavernia was and is a resident of the County of Orange as of mid-2015. Defendants deny that Lavernia discriminated or retaliated against plaintiff, and deny that Lavernia knew plaintiff was gay.

14. Answering paragraph 14, Defendants admit all allegations.

15. Answering paragraph 15, Defendant Regents admits that it receives federal financial assistance. Defendants neither admit nor deny the remaining portion of this paragraph because it contains legal conclusions and does not require a response.

16. Answering paragraph 16, Defendants neither admit nor deny this paragraph because it contains legal conclusions and does not require a response.

17. Answering paragraph 17, Defendants admit that the Academic Personnel Manual 220 states that the normal period of service at the rank of assistant professor is six years. Defendants admit all other allegations of paragraph 17.

18. Answering paragraph 18, Defendants admit the allegations.

19. Answering paragraph 19, Defendants admit the allegations in the paragraph, except to the extent it is not an exact quote and/or the quoted words do

not occur in sequence.

20. Answering paragraph 20, Defendants admit that Nguyen was recommended for funding from the National Science Foundation for $450,000 for 36 months as his portion of the funding. Defendants admit that Lavernia's August 2, 2016 letter has the quoted language. Defendants deny the remaining allegations in the paragraph.

21. Answering paragraph 21, Defendants admit the allegations.

22. Answering paragraph 22, Defendants admit that the May 11, 2016 letter has the quoted language, and that the four voting members did not sign the May 11, 2016 letter. Defendants deny the remaining allegations.

23. Answering paragraph 23, Defendants admit that the May 11, 2016 and December 1, 2015 letters have the quoted language in them. Defendants admit that Nguyen's award was recommended and that he stated he had 19 journal papers. Defendants deny the remaining allegations in that paragraph.

24. Answering paragraph 24, Defendants admit Nguyen sent a letter on October 26, 2015. Defendants also admit that the May 14, 2015 letter states that Nguyen's work was modest output with modest impact and admits the identity of the four APAC members. Defendants deny that Jabbari mischaracterized the matters alleged. Defendants lack sufficient knowledge to admit or deny the remaining allegations.

25. Answering paragraph 25, Defendants admit that the quoted language is in Nguyen's letter. Defendants deny the remaining allegations.

26. Answering paragraph 26, Defendants admit that the quoted language is in the referenced letter. Defendants have insufficient information to admit or deny the remaining allegations.

27. Answering paragraph 27, Defendants admit that the referenced letters have the quoted language, were from the stated parties on the stated date, and were included in plaintiff's file. Defendants also admit that plaintiff accurately quoted

the APM.  Defendants deny the remaining allegations.

28. Answering paragraph 28, Defendants admit the allegations.

29. Answering paragraph 29, Defendants admit the allegations.

30. Answering paragraph 30, Defendants admit the allegations.

31. Answering paragraph 31, Defendants deny the allegations.

32. Answering paragraph 32, Defendants admit that if the Executive Vice Chancellor and Provost agree with CAP's recommendation, the file is forwarded to the Chancellor for the final decision.  If the Executive Vice Chancellor and Provost disagree with CAP's recommendation, CAP may be provided additional information.  Defendants deny the remaining allegations in the paragraph.

33. Answering paragraph 33, Defendants admit the allegations.

34. Answering paragraph 34, Defendants admit the allegations.

35. Answering paragraph 35, Defendants admit the quoted language is in the November 22, 2016 letter.

36. Answering paragraph 36, Defendants admit the allegations.

37. Answering paragraph 37, Defendants admit that plaintiff filed a grievance on September 22, 2016, and that the grievance contained the quoted language.

38. Answering paragraph 38, Defendants admit the allegations.

39. Answering paragraph 39, Defendants admit that the Department submitted a letter to the Dean on November 22, 2016.  Defendants deny the remaining allegations.

40. Answering paragraph 40, Defendants admit the allegations.

41. Answering paragraph 41, Defendants admit that the quoted language is accurate and that the Committee did not include every fact supporting its decision in the letter.  Defendants deny the remaining allegations.

42. Answering paragraph 42, Defendants deny each and every allegation.

43. Answering paragraph 43, Defendants admit that the statute is accurately quoted.

44. Answering paragraph 44, Defendants deny the allegations and legal conclusion.

45. Answering paragraph 45, Defendants admit the allegations.

46. Answering paragraph 46, Defendants admit the allegations.

47. Answering paragraph 47, Defendants admit the allegations.

48. Answering paragraph 48, Defendants admit the allegations.

49. Answering paragraph 49, Defendants admit the Provost recommended against plaintiff's promotion and tenure in 2016.  Defendants deny the remaining allegations.

50. Answering paragraph 50, Defendants admit the University denied plaintiff promotion and tenure in 2016.  Defendants deny the remaining allegations.

51. Answering paragraph 51, Defendants deny the allegations and legal conclusion.

52. Answering paragraph 52, Defendants deny the allegations and legal conclusion.

53. Answering paragraph 53, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer.

54. Answering paragraph 54, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer.  To the extent that a response to this paragraph is deemed required, Defendants deny each allegation in this paragraph.

55. Answering paragraph 55, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer.  To the extent that a response to this paragraph is deemed required, Defendants deny each allegation in this paragraph.

56. Answering paragraph 56, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer.  To the extent that a response to this paragraph is deemed required, Defendants deny

each allegation in this paragraph.

57. Answering paragraph 57, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer. To the extent that a response to this paragraph is deemed required, Defendants deny each allegation in this paragraph.

58. Answering paragraph 58, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer. To the extent that a response to this paragraph is deemed required, Defendants deny each allegation in this paragraph.

59. Answering paragraph 59, Defendants neither admit nor deny this statement, which does not require an answer.

60. Answering paragraph 60, Defendants deny the allegations and legal conclusion.

61. Answering paragraph 61, Defendants deny the allegations and legal conclusion.

62. Answering paragraph 62, Defendants deny the allegations and legal conclusion.

63. Answering paragraph 63, Defendants deny the allegations and legal conclusion.

64. Answering paragraph 64, Defendants neither admit nor deny this statement, which does not require an answer.

65. Answering paragraph 65, Defendants deny the allegations and legal conclusion.

66. Answering paragraph 66, Defendants deny the allegations and legal conclusion.

67. Answering paragraph 67, Defendants deny the allegations and legal conclusion.

68. Answering paragraph 68, Defendants deny the allegations and legal

1  conclusion.

2      69. Answering paragraph 69, Defendants neither admit nor deny this
3  statement, which does not require an answer.

4      70. Answering paragraph 70, Defendants deny the allegations and legal
5  conclusion.

6      71. Answering paragraph 71, Defendants deny the allegations and legal
7  conclusion.

8      72. Answering paragraph 72, Defendants deny the allegations and legal
9  conclusion.

10     73. Answering paragraph 73, Defendants deny the allegations and legal
11 conclusion.

12     74. Answering paragraph 74, Defendants admit the allegations.

13     75. Answering paragraph 75, Defendants deny the allegations and legal
14 conclusion.

15     76. Answering paragraph 76, Defendants deny the allegations and legal
16 conclusion.

## THE REQUESTED RELIEF

18     1. Answering paragraph 1 of the Prayer for Relief, Defendants deny that they
19 engaged in any unlawful acts. Defendants neither admit nor deny the remainder of
20 the paragraph because it calls for a legal conclusion and does not require an answer.
21 Defendants further assert that Plaintiff is not entitled to any relief in this action.

22     2. Answering paragraph 2 of the Prayer for Relief, Defendants deny that they
23 engaged in any unlawful acts. Defendants neither admit nor deny the remainder of
24 the paragraph because it calls for a legal conclusion and does not require an answer.
25 Defendants further assert that Plaintiff is not entitled to any relief in this action.

26     3. Answering paragraph 3 of the Prayer for Relief, Defendants deny that they
27 engaged in any unlawful acts. Defendants neither admit nor deny the remainder of
28 the paragraph because it calls for a legal conclusion and does not require an answer.

1  Defendants further assert that Plaintiff is not entitled to any relief in this action.

2      4.  Answering paragraph 4 of the Prayer for Relief, Defendants deny that they
3  engaged in any unlawful acts.  Defendants neither admit nor deny the remainder of
4  the paragraph because it calls for a legal conclusion and does not require an answer.
5  Defendants further assert that Plaintiff is not entitled to any relief in this action.

6      5.  Answering paragraph 5 of the Prayer for Relief, Defendants neither admit
7  nor deny the paragraph because it calls for a legal conclusion and does not require
8  an answer.  Defendants further assert that Plaintiff is not entitled to any relief in this
9  action.

10     6.  Answering paragraph 6 of the Prayer for Relief, Defendants neither admit
11 nor deny the paragraph because it calls for a legal conclusion and does not require
12 an answer.  Defendants further assert that Plaintiff is not entitled to any relief in this
13 action.

14     7.  Answering paragraph 7 of the Prayer for Relief, Defendants neither admit
15 nor deny the paragraph because it calls for a legal conclusion and does not require
16 an answer.  Defendants further assert that Plaintiff is not entitled to any relief in this
17 action.

18     8.  Answering paragraph 8 of the Prayer for Relief, Defendants neither admit
19 nor deny the paragraph because it calls for a legal conclusion and does not require
20 an answer.  Defendants further assert that Plaintiff is not entitled to any relief in this
21 action.

22     9.  Answering paragraph 9 of the Prayer for Relief, Defendants neither admit
23 nor deny the paragraph because it calls for a legal conclusion and does not require
24 an answer.  Defendants further assert that Plaintiff is not entitled to any relief in this
25 action.

26     10.  Answering paragraph 10 of the Prayer for Relief, Defendants neither
27 admit nor deny the paragraph because it calls for a legal conclusion and does not
28 require an answer.  Defendants further assert that Plaintiff is not entitled to any

relief in this action.

11. Answering paragraph 11 of the Prayer for Relief, Defendants neither admit nor deny the paragraph because it calls for a legal conclusion and does not require an answer. Defendants further assert that Plaintiff is not entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Defendants also assert the following separate, additional and alternative affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any claim asserted therein states facts sufficient to constitute a claim against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought in his Complaint based on the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought in his Complaint based on the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations. Cal. Code of Civ. Proc. § 335.1.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and thereon allege, that each of Plaintiff's causes of action is barred because Plaintiff failed to exhaust all judicial administrative remedies and comply with all necessary prerequisites to the filing of this civil action.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and thereon allege, that each of Plaintiff's causes of action is barred because Plaintiff failed to exhaust all

administrative remedies as required by Title VII and Title IX.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and thereon allege, that each of Plaintiff's claims is barred because Plaintiff failed to exhaust all internal administrative remedies, including those required by state and federal statute and the Regents' policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any damages from the purported physical or emotional injuries allegedly suffered as a result of his employment and discharge in that the sole and exclusive remedy for such damages is governed by the California Workers' Compensation Act. (Cal. Lab. Code §§ 3600, et. seq.)

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's clams are pre-empted by Title VII.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred by the *Younger* abstention doctrine. *Younger v. Harris,* 401 U.S. 37 (1971).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state a claim for which relief can be granted because it is barred by Eleventh Amendment Immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state a claim for which relief can be granted against each individual defendant because it is barred by qualified immunity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe, and thereon allege, that each of Plaintiff's claims is barred by governmental immunities provided to public entities and employees, including, but not limited to, the immunities provided in California Government Code sections 815, 815.2, 818, 818.2, 818.8, 820.2, 821, 821.6 and 822.2.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any damages that Plaintiff may be awarded must be reduced as a result of Plaintiff's failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Each of Plaintiff's claims is barred because all actions against Plaintiff were taken due to legitimate, non-discriminatory and non-retaliatory reasons.

Defendants presently have insufficient knowledge or information to know whether they may have additional, yet unasserted, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

Wherefore, Defendants pray that:

1. Plaintiff take nothing by way of his complaint;
2. For reasonable attorneys' fees incurred in defending this suit;
3. Defendants' costs of suit herein; and
4. For such other and further relief as the court deems just and proper.

By:   /s/ *Sandra L. McDonough*
SANDRA L. McDONOUGH
Attorneys for Defendants The Regents of the University of California; Faryar Jabbari; Gregory Washington; Diane K. O'Dowd and Enrique J. Lavernia

# PROOF OF SERVICE

**Hung Nguyen v. The Regents, et al.**
**Case No. 8:17-cv-00423-JVS-KES**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On May 5, 2017, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF HUNG NGUYEN'S COMPLAINT** on the interested parties in this action as follows:

Juan Hong
Law Offices of Juan Hong, ALC
4199 Campus Drive, Suite 550
Irvine, CA  92612
Telephone: (949) 509-6505
Facsimile: (949) 335-6647
E-Mail: jhong48@gmail.com
Attorney for Plaintiff

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2017, at San Diego, California.

_____
Whitney W. Farrell